# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON, | CV F  06-0316 AWI SMS HC |
| Petitioner, | ORDER DISMISSING PETITION FOR FAILURE TO COMPLY WITH COURT ORDER |
| v. | |
| J. WOODFORD, | [Doc. 8] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 20, 2006, the Court directed Petitioner to submit the $5.00 filing fee for this action within thirty days from the date of service of that order. Petitioner has failed to comply with the Court's order. (Court Doc. 8.)

Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with

1

1 local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
2 comply with an order requiring amendment of complaint); <u>Malone v. U.S. Postal Service</u>, 833
3 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

4      In determining whether to dismiss an action for lack of prosecution, the Court must
5 consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
6 Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public
7 policy favoring disposition of cases on their merits; and, (5) the availability of less drastic
8 alternatives.  <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986); <u>Carey v. King</u>, 856
9 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving
10 this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this
11 case has been pending since March 21, 2006. The Court cannot hold this case in abeyance
12 indefinitely awaiting compliance by Petitioner.  The third factor, risk of prejudice to
13 Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the
14 occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d 522,
15 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their
16 merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally,
17 given Petitioner's noncompliance with the Court's order, no lesser sanction is feasible.  The
18 Court's order of November 20, 2006, specifically warned that "Failure to comply with this order
19 will result in the action be dismissed for failure to comply with a court order.  Local Rule 11-
20 110." (Court Doc. 8.)

21      Accordingly, it is HEREBY ORDERED that the instant action is DISMISSED for failure
22 to comply with a court order.

24 IT IS SO ORDERED.

25 **Dated:   January 11, 2007**                         **/s/ Anthony W. Ishii**
0m8i78                                         UNITED STATES DISTRICT JUDGE