UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON, ) | 1:06-CV-0316 AWI SMS HC |
| ) | |
| Petitioner, ) | ORDER DENYING MOTION TO RE-OPEN |
| ) | OR VACATE |
| v. ) | |
| ) | ORDER DECLINING TO ISSUE |
| J. WOODFORD, ) | CERTIFICATE OF APPEALABILITY |
| ) | |
| Respondent. ) | (Document #11) |
| ) | |

    Petitioner is a state prisoner who had filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On November 20, 2006, the court informed Petitioner it had not received a filing fee and ordered Petitioner to pay the filing fee in this action.   When Petitioner did not pay the filing fee or otherwise respond to the court's November 20, 2006 order, on January 11, 2007, the court dismissed this action based on Petitioner's failure to comply with a court order.  On September 7, 2007, Petitioner filed a motion to reopen this action.    Petitioner also seeks to appeal.

    The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored.  Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Motions to reconsider are

1

committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).  Pursuant to Rule 59(e), any motion to alter or amend judgment shall be filed no later than ten days after entry of judgment.   Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly-discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.  Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001);  School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).   This showing is a "high hurdle."  Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001).   Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken."  Id.

The basis of Petitioner's motion to re-open and vacate judgment is that prison officials refused to send the court the filing fee in this action.  The problem with Petitioner's argument is that Petitioner did not inform the court after November 20, 2006 that he was still having problems with prison officials providing his filing fee to the court.  Petitioner just ignored the November 20, 2006 order.  Petitioner did not attempt to re-open this action until eight months after it had been dismissed, and then Petitioner makes arguments that he could have made prior to dismissal.   Thus, reconsideration is not warranted at this time.

Petitioner also seeks to appeal this action.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The

controlling statute is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>   (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

When the district court denies a habeas petition on procedural grounds, as the court did in this action, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

In the present case, the court finds that reasonable jurists would not disagree with this court's decision to not re-open this case and vacate judgment.  Given the lack of evidence supporting Petitioner's contentions, reasonable jurists would have declined to reopen this case.

Accordingly, the court ORDERS that:

1. Petitioner's motion to reopen is DENIED; and

2. Petitioner's request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

**Dated:** __January 3, 2008__   _____/s/ Anthony W. Ishii_____
UNITED STATES DISTRICT JUDGE